**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 15-CV-01806-RM-MEH

WWW.TURNSTILES.US, INC.,

    Plaintiff,

v.

MODULAR SECURITY SYSTEMS, INC.,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on Defendant Modular Security Systems, Inc.'s ("MSSI") motion to stay discovery and other due dates ("Motion") (ECF No. 24) pending the Court's resolution of Defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction (ECF No. 9).

For the following reasons, the Court GRANTS Defendant's Motion.

**I.    BACKGROUND**

On August 20, 2015, Plaintiff, www.Turnstiles.us, Inc. ("Turnstiles"), filed suit against Defendant seeking a "declaratory judgment of non-infringement arising under the patent laws" for certain patents owned by Defendant as well as relief for a state-based tort claim and a federally-based unfair competition claim. (ECF No. 1 at 1; ECF No. 1 ¶¶ 9-37).

On September 21, 2015, Defendant moved to dismiss the Complaint (ECF No. 1) on the basis that, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court lacks

personal jurisdiction over it.  (ECF No. 9.)  That motion is fully briefed (ECF Nos. 20; 23) and pending adjudication.

On November 5, 2015, Defendant moved to stay the matter pending the Court's resolution of the motion to dismiss.  (ECF No. 24.)

**II.     LEGAL STANDARDS**

The Court "has broad discretion to stay an action when a dispositive motion is pending." *Wells v. Smith*, Case No. 12-CV-00447-WJM-KLM, 2014 WL 6886719, at *2 (D. Colo. Dec. 8, 2014).  However, "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *CFTC v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (internal quotation and citation omitted).  The Court has construed Rule 26(c) of the Federal Rules of Civil Procedure to permit a stay of discovery "for good cause, to protect a party from undue burden or expense." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, Case No. 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).  The Court considers the following factors in deciding whether a stay is warranted:  (1) Plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to Plaintiff of a delay; (2) the burden on Defendant; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident,* 2006 WL 894955, at *2 (citation omitted).

The party who seeks a stay of discovery has the burden of demonstrating good cause, and "cannot sustain that burden by offering simply conclusory statements." *Tr. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colorado Springs*, Case No. 09-CV-02842-WYD-CBS, 2010 WL 1904509, at *4 (D. Colo. May 11, 2010).  Generally, the Court requires a "particular and specific demonstration of fact" in support of a request for a stay.  *Id.*

2

### III. ANALYSIS[1]

Defendant argues that it would "burden and prejudice [it] and the Court if the case proceeded with discovery and other litigation deadlines should the Court" grant its motion to dismiss. (ECF No. 24 at 4.) Defendant argues that its motion to dismiss is strong and likely to succeed and this should be considered by the Court in deciding the instant Motion. (ECF No. 24 at 4 (citing *Gen. Steele Domestic Sales, LLC v. Steelwise, LLC*, Case No. 07-CV-01145-DME-KMT, 2008 WL 5101341 at *2 (D. Colo. Nov. 26, 2008)).) Defendant does not address the fourth and fifth *String Cheese Incident* factors. (*See generally* ECF No. 24.) Defendant does provide the Court with cases in which other courts in the District of Colorado have previously stayed cases pending resolution of a motion to dismiss for lack of personal jurisdiction. (ECF No. 29 at 6 (collecting cases[2]).)

As Plaintiff correctly identifies (ECF No. 28 at 10), defendants are burdened when they are sued, whether the Court ultimately dismisses the suit, grants summary judgment, the case is settled or a trial occurs. *Chavez v. Young Am. Ins. Co.*, Case No. 06-CV-02419-PSB-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Plaintiff asserts, without factual support, that a stay in this matter will result in a "decrease in evidentiary quality and witness availability." (ECF No. 28 at 10-11.)

---

[1] In moving to stay, Defendant relies primarily upon two cases in which a stay was granted pending resolution of motions to dismiss for lack of subject matter jurisdiction. (ECF No. 24 at 2-4 (citing *Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, Case No. 12-CV-02640-REB-KMT, 2013 WL 2466917, at *2 (D. Colo. June 7, 2013; *Steinmier v. Donley*, Case No. 09-CV-01260-KMT-BNB, 2010 WL 1576714, at *1 (D. Colo. Apr. 20, 2010)).) In contrast to those matters, Defendant does not raise a subject matter jurisdictional challenge. (*See* ECF No. 9.)
[2] The Court finds Defendant's reliance on *Stan Lee Media, Inc. v. The Walt Disney Co.*, Case No. 12-CV-026663-WJM-KMT, 2013 WL 855101, at *4 (D. Colo. Mar. 6, 2013) misplaced as the stay was not granted unconditionally and certain discovery was permitted to proceed in that case. Additionally, Defendant's reliance upon *Zimmerman v. CIT Group, Inc.*, Case No. 08-CV-00246-ZLW-KLM, 2008 WL 1818445, at **1 (D. Colo. Apr. 21, 2008) is not on point as the plaintiff in that matter did not oppose the stay of the case pending resolution of the motion to dismiss. Further, *Kennedy v. McCormick*, Case No. 12-CV-00561-REB-MEH, 2012 WL 1919787, at *2 (D. Colo. May 24, 2012) is not dispositive as in that matter the court granted a temporary stay.

The Court, having considered the five *String Cheese* factors, finds Defendant has showed good cause for granting a stay. The first two factors do not cancel each other out although the Court recognizes any burden on Defendant is countered by Plaintiff's interest in proceeding with this litigation. But should the Court determine that it lacks personal jurisdiction over Defendant, the case would be dismissed and there is no guarantee that Plaintiff will refile the matter in another jurisdiction. Therefore, in consideration of the first two *String Cheese* factors, the Court finds the scale tips slightly in favor of Defendant. Convenience to the Court weighs both in favor and against granting the stay. In favor of the stay is the fact that should the pending motion to dismiss be granted, the Court will have expended resources managing a suit unnecessarily in the absence of stay. Against granting the stay is the fact that as a case lingers on the Court's docket, it often becomes more difficult to manage. Non-parties' interests do not weight in favor or against imposing a stay as neither party has argued that any non-parties are likely to be affected by this case. Finally, the public has an interest in efficient use of public resources (including Court resources) which weighs both in favor of and against the stay.

IV. **CONCLUSION**

Based on the foregoing, the Court:

(1) GRANTS Defendant's Motion (ECF No. 24);

(2) STAYS discovery and other due dates pending the Court's decision on Defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction (ECF No. 9).

DATED this 15th day of December, 2015.       BY THE COURT:

RAYMOND P. MOORE
United States District Judge